UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES FOR THE MASON TENDERS DISTRICT
COUNCIL WELFARE FUND, PENSION FUND,
ANNUITY FUND, AND TRAINING PROGRAM FUND;
JOHN J. VIRGA, in his fiduciary capacity as Director; and
ROBERT BONANZA, as Business Manager of the
MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK,

                Petitioners,

-against-

JBH ENVIRONMENTAL, INC.,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/2019

18 Civ. 4011 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioners, Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (collectively, the "Funds"); and the Mason Tenders District Council of Greater New York (the "Union"), bring this petition under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm an arbitration award (the "Consent Award") against Respondent, JBH Environmental, Inc. Petition, ECF No. 5. Respondent has not appeared in this action to oppose the petition. For the reasons stated below, the petition is GRANTED.

## BACKGROUND

    At all relevant times, Respondent was party to a collective bargaining agreement (the "CBA") with the Union. 56.1 Stmt. ¶ 13, ECF No. 13. The CBA bound Respondent to all of the terms and conditions of the Benefit Trust Agreement and the Pension Fund Trust Agreements (the "Trust Agreements"), amendments to the Trust Agreements, and regulations or by-laws adopted by the Funds' Trustees. Savci Decl. ¶ 12, ECF No. 11; ECF No. 11-1 at 18–19. The CBA and the Trust Agreements also required Respondent to make contributions to the Funds for every hour of work performed by employees covered under the CBA. 56.1 Stmt. ¶ 16.

    The Trust Agreements provide that Petitioners may seek arbitration if a dispute arises between the parties concerning payments to the Funds. 56.1 Stmt. ¶ 19. In accordance with the arbitration provision, Petitioners initiated arbitration against Respondent for failure to make its required contributions to the Funds. 56.1 Stmt. ¶ 21. On May 5, 2017, after a hearing, the arbitrator issued the Consent Award, ordering Respondent to pay the Funds a total of $184,532.95, based on an estimate of unpaid benefit funds contributions of $167,231.29, unpaid dues and political action committee ("PAC") contributions of $3,213.29, interest on those contributions of $13,688.37, and an arbitrator's fee of $400. 56.1 Stmt. ¶¶ 22–23; Arbitrator Op., ECF No. 11-1; Savci Decl. ¶ 6.

# DISCUSSION

I. <u>Legal Standard</u>

Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act ("FAA") provides that any party in an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless it is vacated, modified, or corrected as prescribed by §§ 10 and 11 of the FAA. 9 U.S.C. § 9; *accord Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040, 2016 WL 6952345, at *2 (S.D.N.Y. Nov. 28, 2016).

> Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits."

*Finkel v. Pomalee Elec. Co., Inc.*, No. 16 Civ. 4200, 2018 WL 1320689, at *6 (E.D.N.Y. Feb. 22, 2018) (alterations in original) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 576 (2008)).

District courts have a "narrowly limited" role when reviewing arbitration awards. *Kobel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). The FAA promotes great deference to arbitration panel determinations in order to achieve the goals of settling disputes efficiently and avoiding long and costly litigation. *Id.* Thus, "there is no general requirement that arbitrators explain the reasons for their award, and [] an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citations omitted).

"[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must consider all evidence in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Respondent has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

II. <u>Analysis</u>

Petitioners argue that they are entitled to confirmation of the Consent Award and post-judgment interest on the Consent Award. The Court agrees.

A. Confirmation of the Award

Petitioners have carried their burden to demonstrate that there is no genuine dispute of material fact with respect to confirmation of the Consent Award. It is undisputed that Respondent failed to make the required contributions to the Funds in accordance with the terms of the CBA. 56.1 Stmt. ¶¶ 20, 22; Savci Decl. ¶¶ 6, 18. It is also undisputed that disputes about payments to the Funds fall within the scope of the arbitrator's authority. 56.1 Stmt. ¶ 19; ECF No. 11-2 at 39.

After holding a hearing, the arbitrator awarded Petitioners $184,532.95. 56.1 Stmt. ¶ 23; Arbitrator Op. Respondent's representative appeared with counsel and agreed to the arbitrator's issuance of the Consent Award in the amount of $184,532.95. 561.1 Stmt. ¶ 22. No payments have been made, nor has the Consent Award been vacated or otherwise modified. Savci Decl. ¶ 20. Accordingly, the Court confirms the Consent Award.

B. Post-judgment Interest

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Trs. of the Local 7 Tile Indus. Welfare Fund v. Richard's Improvement Bldg. Inc.*, No. 15 Civ. 3898, 2016 WL 6110455, at *11 (E.D.N.Y. Aug. 1, 2016) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). Post-judgment interest is governed by the statutory rate in 28 U.S.C. § 1961, which states

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment.

28 U.S.C. § 1961(a).

Because the Court's confirmation of the Consent Award is a money judgment in a civil case, Petitioners are entitled to post-judgment interest at the statutory rate.

## CONCLUSION

For the reasons stated above, the petition to confirm the Consent Award is GRANTED. The Clerk of Court is directed to enter judgment in the amount of $184,532.95, plus post-judgment interest at the statutory rate. The Clerk of Court is further directed to close the case.

SO ORDERED.

Dated: March 27, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge